IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:03-cr-436-1 |
| | § | |
| KOYODE LAWRENCE | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Koyode Lawrence's
("Defendant" or "Lawrence") Motion to Dismiss for Violation of the Rule of
Specialty [Doc. # 522] ("Motion to Dismiss") and Motion for His Return to
Nigeria for Failure to Prosecute for Offences for which Extradition was Granted
[Doc. # 526] ("Motion for Return").  The United States (the "Government") has
filed one Response to both Motions [Doc. # 531].  Having considered the parties'
briefing, the applicable legal authorities, and the evidence of record, the Court
**denies** both Lawrence's Motion to Dismiss and the Motion for Return.

## I.   BACKGROUND

Lawrence, along with ten co-defendants, was indicted in this Court on
November 19, 2003, on charges of conspiracy to import heroin and conspiracy to
possess with intent to distribute heroin [Doc. # 1]. A warrant subsequently was
issued for Lawrence's arrest [Doc. # 5].  Lawrence, a Nigerian national, at that

time lived in Nigeria. On November 25, 2003, the United States Department of State ("U.S. State Department") cabled a letter to the United States Embassy in Nigeria, asking the Embassy to communicate to the Nigerian Ministry of Foreign Affairs ("Nigerian Ministry") the U.S. State Department's request for Lawrence's arrest.  U.S. Request to Nigeria for the Provisional Arrest of Koyode Lawrence [Doc. # 530], at ECF-numbered pages 1-3; Declaration of Timothy G.E. Hammer [Doc. # 531-1] ("Hammer Decl."), ¶ 11.  The cable stated that Lawrence was indicted in the Southern District of Texas on charges of conspiracy to import a controlled substance and conspiracy to possess a controlled substance.  U.S. Request [Doc. # 530], at ECF-number page 2.  Subsequent communications between the Office of International Affairs ("OIA") and the U.S. Consulate in Lagos, Nigeria, also state that the Government sought Lawrence's extradition on charges of conspiracy to import heroin and conspiracy to possess with the intent to distribute heroin.  *See* Letter from Mary Ellen Warlow to Ron Kramer, dated March 25, 2004, and accompanying documents [Doc. # 530], at ECF-numbered page 11-21 (affidavit of AUSA James Alston), 40-52 (affidavit of Special Agent Gregory Tyler).

Lawrence was arrested by Nigerian authorities on March 16, 2004.  Hammer Decl., ¶ 14.  Lawrence fought extradition and thereafter spent more than nine years in Nigerian custody.

On November 26, 2012, Justice Okechukwu J. Okeke of the Federal High Court of Nigeria ordered Lawrence extradited to the United States. *See generally* Judgment of Nigerian Court [Doc. # 531-2]. Lawrence's extradition was expressly predicated on the fact that he had been charged in the United States with conspiracy to import heroin and conspiracy to possess with intent to distribute heroin. *See id.*, at 2. Inexplicably, a document from the Attorney General of Nigeria authorizing Lawrence's surrender to the United States, signed on June 21, 2013, stated that Lawrence had been accused of several different crimes, specifically, mail fraud, conspiracy to commit mail fraud, money laundering, conspiracy to commit money laundering, theft from a retirement fund, and aggravated identity theft. Attorney General's Order for Surrender of Koyode Lawrence [Doc. # 531-3].

On July 2, 2013, the Nigerian National Drug Law Enforcement Agency ("NDLEA") surrendered Lawrence to a United States Homeland Security Investigations ("HSI") Special Agent. Hammer Decl., ¶ 89. Lawrence arrived in Houston, Texas, the following day, *id.*, ¶ 90, and was arraigned before a Magistrate Judge on July 9, 2013 [Doc. # 469].

## II.   **DISCUSSION**

Lawrence, in both of his motions, argues that the indictment against him should be dismissed because his extradition violated the "Rule of Specialty," citing

Article 7 of the United States' extradition treaty with Nigeria.  Lawrence contends that he was extradited from Nigeria on the charges listed in the Nigerian Attorney General's surrender order, which are different from those on which he was indicted in this Court.   *See* Motion to Dismiss, at 2-3; Motion for Return, at 2-3. Accordingly, Lawrence argues that the Rule of Specialty prevents the United States from prosecuting him on the pending charges of conspiracy to import heroin and conspiracy to possess with intent to distribute heroin.  *See* Motion to Dismiss, at 4; Motion for Return, at 3-4.   Lawrence reasons that he therefore must be returned to Nigeria.  *See* Motion to Return, at 4-5.  The Court is unpersuaded by Lawrence's argument.

> The extradition treaty between the United States and Nigeria provides that:
>
> A person surrendered can in no case be kept in custody or be brought to trial in the territories of the High Contracting Party to whom the surrender has been made for any other crime or offence, or on account of any other matters, than those for which the extradition shall have taken place, until he has been restored, or has had an opportunity of returning, to the territories of the High Contracting Party by whom he has been surrendered.

Extradition Treaty between the United States of America and Great Britain, art. 7, Dec. 22, 1931, 47 Stat. 2122.[1]  Under the "Rule of Specialty," therefore, a nation

---

[1]  This extradition treaty was originally signed between the United States and the United Kingdom.  Nigeria became a party to the treaty as a result of its status, at that time, as a British protectorate.  *See United States v. Kashamu*, 656 F.3d 679, 682 (7th Cir. 2011) (Posner, J.) ("Nigeria, which has an extradition treaty with the

requesting the extradition of an offender can, after securing extradition, only prosecute the offender for those charges that formed the basis of the extradition request.[2]

A review of the evidence of record reveals that Lawrence was extradited from Nigeria on the charges on which he was indicted and now faces prosecution in this Court, *i.e.*, charges of conspiracy to import heroin and conspiracy to possess with the intent to distribute heroin.  Nigerian Justice Okeke expressly cited these charges and it was on that basis that he ordered Lawrence's extradition.  *See* Judgment of Nigerian Court [Doc. # 531-2], at 2-3, 14, 38.

---

United States by virtue of the Extradition Treaty between the United States of America and Great Britain . . . . For article 16 . . . extends the treaty . . . to British protectorates, as Nigeria once was; and after becoming independent Nigeria continued the treaty in force."); Congressional Research Service, "Extradition to and from the United States: Overview of the Law and Recent Treaties," p. 39 (2010), http://www.fas.org/sgp/crs/misc/98-958.pdf (last visited Jan. 30, 2014) (noting the existence of an extradition treaty between the United States and Nigeria based on the treaty with Great Britain).

[2]   The Fifth Circuit has indicated—though has not stated explicitly—that only an extradicting nation, and not an individual defendant, can raise the issue that the Rule of Specialty has been violated.  *See United States v. Quiroz*, 137 F. App'x 667, 671 n.1 (5th Cir. June 20, 2005) (stating, in *dicta*, that "Defendants have no standing to assert their Specialty Doctrine Argument" since the offended nation "failed to raise an objection to the proceeding"); *United States v. Kaufman*, 874 F.2d 242, 243 (5th Cir. 1989) (suggesting, in *dicta*, that "only an offended nation can complain about the purported violation of an extradition treaty"); *see also United States v. Angleton*, 201 F. App'x 238, 243 n.12 (5th Cir. 2006) ("It is still an open question in this circuit whether a criminal defendant has standing to assert the rule of speciality.").

Lawrence points to the fact that different charges were listed by the Nigerian Attorney General in his order surrendering Lawrence to the United States.  *See* Surrender Order [Doc. # 531-3].   It is apparent that the Nigerian Attorney General's order contained a clerical error.   There is no factual basis for the Nigerian Attorney General's reference to mail fraud and other non-drug charges in connection with Lawrence.   Rather, it was heroin importation and heroin possession conspiracy charges that Nigerian Justice Okeke cited and relied upon in his definitive court order granting Lawrence's extradition, consistent with the U.S. State Department's extradition request.

Furthermore, it appears that the Nigerian Attorney General, despite the wording in his order, understood that Lawrence was being held in connection with drug offenses.  The Attorney General ordered Lawrence transferred to the custody of a Nigerian drug law enforcement (NDLEA) agent.  *See id.*, at 2.  Moreover, the Nigerian Attorney General has since issued an amended surrender order, dated December 17, 2013, which correctly lists the drug offenses as the basis for the extradition.  *See* Amended Surrender Order [Doc. # 531-4].

Upon this close review of the definitive documents pertaining to Lawrence's extradition, the Court concludes that the Rule of Specialty was not violated.

III. **CONCLUSION**

For the reasons stated, the Court holds that Rule of Specialty was not violated in this case. Lawrence is not entitled to dismissal of the indictment on that basis. It therefore is

**ORDERED** that Defendant Koyode Lawrence's Motion to Dismiss for Violation of the Rule of Specialty [Doc. # 522] is **DENIED**. It is further

**ORDERED** that Defendant Koyode Lawrence's Motion for His Return to Nigeria for Failure to Prosecute for Offences for which Extradition was Granted [Doc. # 526] is **DENIED**. It is further

**ORDERED** that the parties appear for a pretrial conference on **February 7, 2014**, at **10:30 a.m.**

SIGNED at Houston, Texas, this  30th  day of **January, 2014**.

Nancy F. Atlas
United States District Judge